**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

MICHAEL RAY AMOS,

              Plaintiff,

              v.

BUFFALO CIVIC AUTO,

              Defendant.
_____

17-CV-797-A

**DECISION AND ORDER**

      Plaintiff Michael Ray Amos, proceeding *pro se*, has filed a complaint against Defendant Buffalo Civic Auto. For the reasons stated below, the complaint is dismissed, without prejudice, for lack of subject-matter jurisdiction.

### BACKGROUND

      Plaintiff's allegations are brief. He alleges that he was injured while walking past a parking ramp in Buffalo, New York. As he passed the ramp, Plaintiff alleges, a car exited. Plaintiff claims that he then "went around the car and the arm which is located near the sidewalk hit [him] on the head." Docket No. 1 at 4.

### DISCUSSION

      Plaintiff first moves to proceed *in forma pauperis*. *See* Docket No. 2. After reviewing Plaintiff's motion, the Court finds that Plaintiff is indigent and grants his motion.

      Plaintiff's complaint, however, must be dismissed for lack of subject-matter jurisdiction. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006) ("""[C]ourts . . . have

an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.") (citations omitted).

No basis for subject-matter jurisdiction is apparent from the face of the complaint, even when the allegations are assumed to be true and even when all reasonable factual inferences are drawn in Plaintiff's favor. No federal question (*see* 28 U.S.C. § 1331) is apparent from the complaint's allegations—that is, the complaint does not contain "a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513. Nor does the complaint allege diversity of citizenship between the parties (*see id.* § 1332): Plaintiff states that he is a resident of Buffalo, New York, and he alleges that Buffalo Civic Auto is located at "Washington St. Buffalo NY." Docket No. 1 at 2.[1] The Court therefore lacks subject-matter jurisdiction over this case. As a result, the complaint must be dismissed.

A court typically "should not dismiss" a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks and citation omitted). But if "the problem" with a complaint is "substantive," such that "better pleading will not cure it," "[r]epleading would . . . be futile," and a *pro se* plaintiff need not be provided leave to amend. *Id.* Leave to amend would be futile in this case; improved pleading will not create a federal question out of a personal

---

[1] If the Defendant is a diverse party, Plaintiff has not alleged facts from which such diversity might reasonably be inferred. It is, of course, Plaintiff's burden to allege that the Court has subject-matter jurisdiction over this case. *See, e.g.*, *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002). In addition, because Plaintiff has not alleged that the parties are diverse, the Court need not address whether the Plaintiff has sufficiently alleged that the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a).

injury action, nor will it create diversity between the parties. Thus, the Court denies Plaintiff leave to amend.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to proceed *in forma pauperis* is granted, and his complaint is dismissed, without prejudice, for lack of subject-matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. The Clerk of the Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated: August 30, 2017            ___*s/Richard J. Arcara*_____
    Buffalo, New York            HONORABLE RICHARD J. ARCARA
                                                      UNITED STATES DISTRICT JUDGE